Syed H. Hussain, Esq.
Bar Number: Illinois 6331378
Attorney for Plaintiff Travis Gipson
**Price Law Group, APC**
440 N. McClurg Ct. #803
Chicago, IL 60611
T: (818) 600-5535
F: (818) 600-5435
E: syed@pricelawgroup.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRAVIS GIPSON, | **Case No. 1:20-cv-2016** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | 1. THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681 et. seq.] |
| TRANS UNION LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Travis Gipson ("Plaintiff"), through his attorneys, alleges the following against Defendant Trans Union LLC ("Trans Union").

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

3. Defendant transacts business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Travis Gipson is a natural person residing in the city of Chicago in Cook County, Illinois.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Trans Union is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661.

7. On information and belief, Trans Union disburses *consumer reports* to third parties under contract for monetary compensation.

8. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

*Travis Gipson v Trans Union, LLC*
Complaint

## **FACTUAL ALLEGATIONS**

9. On or about February 13, 2015, Plaintiff filed for a voluntary bankruptcy under Chapter 13 of Title 11, the Bankruptcy Code, in the Northern District of Illinois, case number 19-04811.

10. Plaintiff fully complied with the Bankruptcy Plan and paid all his debts; Plaintiff was discharged on or about October 11, 2019.

11. Plaintiff was eager to begin working on improving his credit following his bankruptcy and obtaining his "fresh start".

12. On or about March 17, 2020, Plaintiff obtained his Experian credit report to make sure the bankruptcy reporting was accurate.

13. On or about March 18, 2020, Plaintiff obtained his Equifax consumer credit report to make sure the bankruptcy reporting was accurate.

14. On or about March 20, 2020, Plaintiff also obtained his Trans Union consumer credit report to make sure the bankruptcy reporting was accurate.

15. Plaintiff discovered that Trans Union was reporting his Easy Acceptance Account #B201209241851****, and opened in September 2012, (the "Account"), with a status of "Repossession" every month from April 2014 to March 2016 and a past-due balance of $4,215.

16. Trans Union should have reported the account as discharged in bankruptcy or similar language with zero balance with no derogatory payment history reported during the bankruptcy.

*Travis Gipson v Trans Union, LLC*
Complaint

17. Trans Union was also reporting on the March 20, 2020 credit report that Plaintiff's Chapter 13 bankruptcy was discharged in October 2019.

18. Non-parties Equifax and Experian did not report the Account on Plaintiff's credit reports.

19. Defendant Trans Union knew or had reason to know that its reporting of the Account was inaccurate because it was reporting Plaintiff's bankruptcy as discharged in October 2019 and all Plaintiff's other bankruptcy debts as discharged.

20. Defendant does not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

22. Defendant's reporting is particularly aggravating of Plaintiff's damages because Plaintiff diligently followed his bankruptcy Plan for almost four (4) years, looking forward to the day when all his debts would be paid and he could have a fresh start, only to discover that Defendant failed to perform his legal obligation to report the account accurately.

23. This caused Plaintiff stress and anxiety about his credit reputation and a belief that he may still owe large debts.

24. The inaccurate reporting by Defendant has caused Plaintiff's credit file to be severely damaged by painting Plaintiff as an irresponsible individual, when in fact Plaintiff

*Travis Gipson v Trans Union, LLC*
Complaint

has diligently paid all his debts.

25. Plaintiff has been denied credit due to the reporting by Defendant.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

28. Defendant reported the Account, that was included in Plaintiff's bankruptcy and in fact paid off, as though Plaintiff still owed the debt after the discharge.

29. Defendant violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

30. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, denials, and favorable credit terms, emotional distress, humiliation, and mental anguish.

31. The violations by the CRAs were willful, rendering the Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles the

*Travis Gipson v Trans Union, LLC*
Complaint

Plaintiff to recovery under 15 U.S.C. §1681o.

32. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Travis Gipson respectfully requests judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

    F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

*Travis Gipson v Trans Union, LLC*
Complaint

Respectfully submitted this 27th day of March 2020.

By: */s/Syed Hussain*
Syed H. Hussain, Esq.
Bar Number: Illinois 6331378
Attorney for Plaintiff Travis Gipson
**Price Law Group, APC**
440 N. McClurg Ct. #803
Chicago, IL 60611
T: (818) 600-5535
F: (818) 600-5435
E: syed@pricelawgroup.com

*Travis Gipson v Trans Union, LLC*
Complaint